UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Ft. Worth Division

| | | |
|---|---|---|
| ERGUN CANER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 4:13-cv-00494 (Y) |
| | * | |
| JASON SMATHERS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS
FOR FAILURE TO JOIN ALL NECESSARY PARTIES AND
<u>MOTION FOR A MORE DEFINITE STATEMENT</u>**

On 26 November 2013 Defendant Jason Smathers ("Smathers") filed a Motion to Dismiss for Failure to Join All Necessary Parties and Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(e), supported by an eight-page legal memorandum citing both relevant case law and federal regulatory law.  (Def. Jason Smathers' Mem. Supp. Mot. Dismiss for Failure to Join All Necessary Parties & Mot. for More Definite Statement, Dkt. #29 (filed Nov. 26, 2013) [hereinafter Def.'s Mem.].)  In his brief Smathers clearly demonstrated that the United States is an indispensable party but cannot be joined for jurisdictional reasons, thus proving that the Court should dismiss this case, or at the very least order Plaintiff Ergun Caner ("Caner") to produce a more definite statement regarding the nature of his contract with the United States Marine Corps.  In response to this Motion, Caner filed a three-page Opposition—citing *no* case law—which boils down to "Caner does not remember the contract, and the United States did not post the videos on the Internet."  (*See* Pl.'s

Mem. Resp. to Dkt. #29—Def. Jason Smathers' Mot. Dismiss for Failure to Join All Necessary Parties & Mot. for More Definite Statement, Dkt. #39 (filed Jan. 6, 2014) [hereinafter Pl.'s Opp'n].) Neither of these arguments holds up to even the slightest level of scrutiny, and they should be summarily rejected by the Court.

As an initial matter, it is noteworthy that the extent of Caner's "testimony" supporting his Opposition is relayed solely in his brief without even a sworn declaration to support it. Accordingly, any "statements" attributed to Caner in his brief are not properly in the record. While it is well-established that the Court may consider extrinsic evidence outside the pleadings when ruling on a dismissal for lack of joinder of an indispensable party, *Timberlake v. Synthes Spine, Inc.*, No. 08-4, 2011 U.S. Dist. LEXIS 70894, at *5-6 (S.D. Tex. June 30, 2011) (quoting *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001)), unsworn factual assertions attributed to a party in a brief written by his attorney simply do not qualify as "evidence." Why Caner chose not to properly offer his testimony under oath is unknown, but ultimately irrelevant; the fact is, he did.

Even if it accepted Caner's unsworn statements as evidence, though, the Court cannot find that he has successfully refuted the arguments in Smathers' brief. Smathers demonstrated that federal regulatory law *required* language to be placed in all contracts for the type of service Caner provided giving "unlimited rights" to the government and indemnifying the government and all those it authorized to distribute intellectual property created in performance of the contract from any legal assault. (*See* Def.'s Mem. at 3-6 (quoting Defense Fed. Acquisition Reg. Suppl. [hereinafter DFARS] 252.227-7020 (Mar. 11, 2005).) Caner does not even attempt to refute the fact that this regulatory language is accurate and controlling, instead offering a bland objection that he does not recall signing a contract even though he admits he was paid for his

2

services.  (*See* Def.'s Opp'n at 2 ("According to Dr. Caner, even though he was nominally compensated for delivering the speeches to the U.S. Marines as an independent contractor, he is doubtful that there was even a written agreement that was signed.  To the best of his recollection, Dr. [sic] did not sign an agreement.").)  In other words, Caner asks the Court to find as a matter of fact that not one but several officers of the United States Marine Corps violated clear and unequivocal Department of Defense regulations regarding contracting for services to not only contract him to give two speeches but to *pay him for it*.[1]  In support of this outlandish argument, he only states—in *unsworn* testimony—that he does not recollect signing a contract, and that therefore he did not assign the copyrights.  The Court is entitled to draw all reasonable inferences in favor of the non-movant in motions to dismiss, but this inference is anything but reasonable.

Caner then attempts to argue that because the United States did not publish the videos on the Internet,[2] it is not an indispensable party.  In making this argument—in a total of *seven lines*—Caner demonstrates a clear lack of understanding of the purpose of Rule 19(a)(1)(A), while simultaneously revealing to the Court his true motivation for filing this suit.  Rule 19(a)(1)(A) mandates joinder of a person if, "in that person's absence, the court cannot afford complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Rule 19 "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court," Fed R. Civ. P. 19

---

[1] Such a scenario would necessarily require a conspiracy of multiple officers, since no single person in a government agency both hires a government contractor and pays him with government funds.  There are numerous safeguards in place to ensure that just the type of scenario Caner is proposing never happens.

3

(Advisory Committee Notes).  As Smathers demonstrated, in the absence of the U.S. Government, the Court could only afford hollow relief to Caner—since anyone wishing to view his videos may simply request them from the Marines and republish them, thus prompting more pointless litigation—and may not afford *any* relief to Smathers, who may be precluded from seeking indemnification from Plaintiff in accordance with DFARS 252.227-7020(e) because the "middle man"—the U.S. Government—is not a party to the case.  In response to these arguments, Caner merely states that he is only seeking "for the *defendant*[ ] to keep his videos off of the Internet" (Pl.'s Opp'n at 2), thus showing that he is not in fact interested in protecting his copyright but is instead only interested in silencing his critics.  Even if a plaintiff *could* voluntarily seek partial or hollow relief to avoid dismissal under Rule 12(b)(7)—which it is not at all clear he could—it would definitely run against "equity and good conscience," Fed. R. Civ. P. 19(b), for the Court to allow such a maneuver for a reason so traditionally abhorrent to good public policy.

## CONCLUSION

For the foregoing reasons and those stated in Plaintiff's Motion and its supporting brief, the Court should dismiss this case with prejudice for failure to join the United States.  If the Court feels that dismissal at this point is not warranted, the Court should order Plaintiff to file a more definite statement regarding the nature of his copyright interest and the specifics of his contract with the United States Marine Corps.

---

[2] Caner oddly refers to publishing the videos on Youtube (Pl.'s Opp'n at 2), even though his cause of action against Smathers is the publication on Viddler.com.

Date:  January 21, 2014

                                          Respectfully submitted,

                                          /s/ Kelly B. McClanahan
                                          Kelly B. McClanahan, Esq.
                                          N.D. Tex. Bar #984704DC
                                          National Security Counselors
                                          1200 South Courthouse Road
                                          Suite 124
                                          Arlington, VA  22204
                                          301-728-5908
                                          240-681-2189 fax
                                          Kel@NationalSecurityLaw.org

                                          *Counsel for Defendant*