```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

DR. ERGUN M. CANER            §
                              §
VS.                           §   CIVIL ACTION NO. 4:13-CV-494-Y
                              §
JASON SMATHERS                §

### ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim or, Alternatively, for Summary Judgment (doc. 28).[1] Defendant has also filed a Motion to Dismiss for Failure to Join Necessary Parties or, Alternatively, for a More Definite Statement (doc. 29). After review, the Court GRANTS the motion to dismiss for failure to state a claim and DENIES as MOOT the motion to dismiss for failure to join necessary parties.

I.   BACKGROUND

This suit involves a claim of copyright infringement. Plaintiff Dr. Ergun M. Caner alleges that Defendant Jason Smathers infringed on his copyright when he posted two videos featuring Dr. Caner on Viddler.com. The videos were taken during a presentation given by Dr. Caner to the United States Marine Corps ("USMC").

Dr. Caner is an author and public speaker. Dr. Caner claims to have been associated with Muslim extremist groups until moving

---

[1] The motion to dismiss for failure to state a claim or, alternatively, for summary judgment was joined by co-defendant Jonathan Autry. This Court previously severed the claims against Autry and transferred the case to the United States District Court for the Western District of Virginia (doc. 41). In his reply brief, Smathers claims ownership of the motion to dismiss as the remaining movant.

to the United States and converting to Christianity. His faith background is central to his writings and lectures.

In 2010, questions began to arise regarding the veracity of some of Dr. Caner's biographical claims. Bloggers, including Smathers, began to highlight some of the apparent contradictions in Dr. Caner's story through their blogs. For instance, Dr. Caner claimed to have moved to the United States as a teenager, after spending years on the "cusp of Muslim extremism" in Turkey. By other accounts, Dr. Caner moved to the United States with his parents when he was three or four years old.

The questions regarding Dr. Caner's story prompted Liberty University, where Dr. Caner served as dean of the seminary, to launch an investigation into Dr. Caner's statements regarding his background. In 2010, the university removed Dr. Caner as dean, but allowed him to remain on the faculty. Liberty University's official statement regarding the investigation acknowledged that Dr. Caner had made "factual statements that are self-contradictory." Dr. Caner later left Liberty University to become Vice President of Arlington Bible College.

Smathers blogged about Dr. Caner's misrepresentations regarding his background. As part of his effort to expose Dr. Caner, he posted two videos of Dr. Caner on Viddler.com. The videos were taken from a lecture series on Islam given by Dr. Caner to Marines preparing for deployment. Smathers obtained the videos from the presentation

by filing a request with the USMC under the Freedom of Information Act ("FOIA").

In 2013, Dr. Caner filed a "takedown notice" with Viddler.com, claiming that the videos were posted without authorization and in violation of his copyright. Smathers challenged the removal of the videos, which ultimately resulted in the present lawsuit by Dr. Caner, alleging copyright infringement in violation of 17 U.S.C. §§ 106, 506.

II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of*

3

*LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.*  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)

Federal Rule of Civil Procedure 12(d) "gives a district court

4

'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citations omitted). Where matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). And "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

   III.  ANALYSIS

      A.  Treatment Under Rule 12(b)(6) or Rule 56

Smathers filed a motion urging the Court to either dismiss Dr. Caner's complaint under Rule 12(b)(6) or grant him summary judgment under Rule 56. Smathers has attached materials outside the pleadings to the motion. Therefore, as a preliminary matter, the Court must determine whether Smathers's motion to dismiss is properly decided under Rule 12(b)(6) or whether it should be converted into a motion for summary judgment under Rule 56.

Smathers attached several exhibits to his motion, including his FOIA request and his appeal of the initial adverse decision on that request. Smathers's FOIA request is not referred to in Dr. Caner's complaint nor is it central to his claims against Smathers. Smather's FOIA request is, instead, central to his **defenses** to Dr. Caner's claims of copyright infringement. *See Kaye v. Lone Star Fund V*

*(U.S.), L.P.*, 453 B.R. 645, 663-64 (N.D. Tex. 2011) (Lynn, J.) (explaining that *Scanlon* "plainly prohibits district courts from incorporating documents that are mere evidence for the defense").

The FOIA-related exhibits are also not materials of which the Court may properly take judicial notice. The Court has found no case where a court has held that an individual's FOIA **request**, as opposed to the **information sought**, was a matter of public record of which the court could take judicial notice. As an exercise of its discretion, the Court declines to consider the exhibits as matters outside the pleadings necessitating the conversion of the motion into one for summary judgment.[2]

  B.  Fair Use Doctrine

Smathers claims that he posted he videos featuring Dr. Caner

---

[2] The Court's reference to Smathers's FOIA request in the factual recitation above does not necessitate conversion of the motion to dismiss. *See Knighton v. Merscorp Inc.*, 304 F. App'x 285, 287 (5th Cir. 2008) (rejecting argument that motion to dismiss should have been converted to a motion for summary judgment where "the district judge only referenced information outside of the pleadings in the section of her opinion providing background").

Conversion would also be inappropriate in this case given the Court's previous order granting Smathers's request to stay discovery (doc. 50). *See Simmang v. Texas Bd. of Law Examiners*, 346 F. Supp. 2d 874, 890 (W.D. Tex. 2004) (explaining that if little or no discovery has been conducted on the issue for which . . . extraneous material [is] submitted, the Court may decline to consider the attached materials and decline to convert the motion into a summary judgment motion"); *see also Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) (holding that district court erred in treating motion for judgment on the pleadings as a motion for summary judgment where discovery had been stayed).

6

as a religiously based criticism of a public figure and, thus, his posting constituted fair use. The Court notes that Dr. Caner has apparently conceded this issue since he has offered no argument in his response with respect to Smathers's assertion of fair use. *See Boswell v. Dep't of Treasury, Office of Comptroller of Currency*, 979 F. Supp. 458, 465 (N.D. Tex. 1997) (Solis, J.). Dr. Caner's concession notwithstanding, the facts of this case support the application of fair use.

The affirmative defense of fair use is codified at 17 U.S.C. § 107 and provides that "the fair use of a copyrighted work, including such use by reproduction in copies . . . , for purposes such as criticism, comment, [or] news reporting . . . , is not an infringement of copyright." The Court considers the following statutory factors when determining whether the fair-use defense applies: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." *Id.*

In analyzing fair use under the first factor, the Court considers whether the use was commercial. There is no evidence that Smathers posted the videos for commercial gain; instead, his sole purpose was to expose the inconsistencies in Dr. Caner's biography and criticize

7

a public figure.  Given Smathers's purpose for posting the videos, the Court also concludes that his use transformed the character of the original work.  *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) (explaining that in analyzing fair use under the first factor, a court considers whether the new work is "transformative"). Smathers transformed the videos of Dr. Caner's lecture series by posting them to expose and criticize Caner.  Thus, his use transformed the character and message of the videos.  The first factor weighs in favor of fair use.

When analyzing the second factor, nature of the copyrighted work, "[a] court is more likely to find fair use when the copied work is factual as opposed to fictional and creative." *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 553 F. Supp. 2d 680, 699 (N.D. Tex. 2008) (Boyle, J.) (citing *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 200 (3d Cir. 2003)).  Dr. Caner's lecture series was intended to provide information regarding the religion of Islam.  The subject matter was factual rather than fictional.  This is true even though the facts concerning Dr. Caner's biography are alleged to be fictional. Hence, this factor also weighs in favor of fair use.

Under the third factor, the Court considers whether "the amount and substantiality of the portion used in relation to the copyrighted work as a whole . . . [is] reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586 (internal quotation marks

omitted). Smathers posted the videos from the presentation in their entirety. "Such wholesale use, as compared to an infringing use that borrows only a small portion of the work, weighs against finding fair use." *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 644 (S.D. Tex. 2007) (citing Kelly v. Arriba Soft Corp., 336 F.3d 811, 820 (9th Cir. 2003)); *see also DSC Commc'ns Corp. v. DGI Techs., Inc.*, 898 F. Supp. 1183, 1191 (N.D. Tex. 1995) (noting that "the fact that an entire work was copied does not preclude a finding of fair use").

The fourth factor requires the Court to consider the extent of the market harm caused by the alleged infringement. Smathers argues that Dr. Caner's financial loss, if any, is not a market loss related to the unauthorized reproduction of his lectures; instead, it is the result of Smathers's legitimate criticisms of Dr. Caner. The Supreme Court has explained that "biting criticism that merely suppresses demand" does not give rise to "a harm cognizable under the Copyright Act." *Campbell*, 510 U.S. at 592.

Accordingly, dismissal of Dr. Caner's claims of copyright infringement is appropriate because Smathers's publication of the videos constituted fair use.

IV. CONCLUSION

Based on the forgoing, Smathers's motion to dismiss under Rule 12(b)(6) is GRANTED. Smathers's motion to dismiss for failure to join necessary parties is DENIED as MOOT. All of Dr. Caner's claims of copyright infringement against Smathers are hereby DISMISSED WITH

9

PREJUDICE.

Smathers has requested attorney's fees under § 505 as the prevailing party. The Court declines to rule on the issue of attorney's fees at this time. The Court will, however, entertain a separate motion for attorney's fees filed in accordance with Federal Rule of Civil Procedure 54(d). The motion should discuss the reasonableness of the fees requested based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

SIGNED April 17, 2014.

                                                /s/ Terry R. Means
                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE