UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Ft. Worth Division

| | |
|---|---|
| ERGUN CANER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 4:13-cv-00494 (Y) |
| | * |
| JASON SMATHERS, | * |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S PETITION FOR ATTORNEYS' FEES**

After substantially prevailing in this meritless copyright infringement action, Defendant Jason Smathers ("Smathers") petitions the Court to award attorneys' fees for this suit according to the "updated" *Laffey* Matrix in the amount of $21,746.70 and to impose an additional $5,000.00 in fees because of the frivolous nature of this suit and the manner in which Plaintiff Ergun Caner's ("Caner") attorney unreasonably and vexatiously multiplied the proceedings by consistently indicating opposition to motions and then conceding them at the last minute (or simply failing to respond at all) instead of filing opposition briefs.

The Copyright Act authorizes a district court to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Although the recovery of attorney's fees is not automatic, *see Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), an award of fees to the prevailing party in a copyright action is "the rule rather than the exception and should be awarded routinely." *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994) (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)); *see also Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir.), *cert. denied*, 553 U.S. 1019 (2008);

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004), *abrog. on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010).  Such fees should be awarded evenhandedly to both prevailing plaintiffs and defendants.  *Fogerty*, 510 U.S. at 534.  Among the factors the Court should consider in deciding whether to award attorneys' fees to a prevailing defendant in a copyright action are "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence."  *Virgin Records*, 512 F.3d at 726 (quoting *Fogerty*, 510 U.S. at 534 n.19).

It is clear that Smathers has prevailed in this lawsuit.  Not only did the Court cleanly dismiss the case on "fair use" grounds, it recognized that Caner effectively *conceded* Smathers' fair use by not opposing his Motion to Dismiss on those grounds.  Furthermore, Smathers also successfully moved this Court to sever the case in two (again, after a last-minute concession by Caner).  As to the frivolousness criterion, Caner filed this action months before even applying to the Copyright Office for copyright protection, only filed such applications with the Copyright Office mere minutes before filing his Amended Complaint, and issued fraudulent takedown notices and materially misrepresented the facts in his copyright application by stating that the lectures were not "made for hire" (both criminal actions under 17 U.S.C. § 506).  Lastly, the copyright applications he filed were not even *proper*, as he attached transcripts of the videos—clearly created after the fact, since they include the Question and Answer portions—as deposited materials even though he was required to submit the actual videos themselves (*see* Copyright applications, attached as Ex. C).  *See EsNtion Records, Inc. v. TritonTM, Inc.*, No. 07-2027, 2010 U.S. Dist. LEXIS 90783, at *7 (N.D. Tex. Aug. 31, 2010) (listing cases).  *See also Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 894 (6th Cir. 2004) (prevailing defendants

awarded attorneys' fees where plaintiff sued hundreds of parties without regard to strength of individual claims); *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc*., 122 F.3d 1211, 1229 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021 (1998) (same where plaintiff forced defendant to defend against "objectively unreasonable" claims for which there was no evidence); *Baker v. Urban Outfitters, Inc*., 431 F. Supp. 2d 351, 359-60 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (award of attorney's fees advances considerations of deterrence where defendant is forced to defend against a baseless action).

Evaluation of fees is based on the "lodestar," which is the number of hours the lawyer reasonably spent on the case multiplied by the lawyer's hourly rates. *See generally Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). A lawyer's hourly rate is measured by its "fair market value," which is determined by the prevailing local rate or the attorney's actual billing rate, whichever is higher. Once the Court has calculated the lodestar, it either accepts the lodestar or adjusts it upward or downward, "depending on the circumstances of the case." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). When determining whether to adjust the lodestar, the Court should consider the *Johnson* factors,[1] the most critical of which is "the degree of success obtained." *Migis*, 135 F.3d at 1047 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

While Caner may characterize some of the work performed by Smathers' counsel as pertaining to "non-prevailing claims," this Court has previously addressed and rejected that argument:

> Much of what Defendants refer to as "non-prevailing claims," however, are not separate claims at all; rather, they are contentions that, although not necessarily accepted by the Court, were raised in support of claims on which the Plaintiffs'

---

[1] Named for the case *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

ultimately prevailed. . . . As the United States Supreme Court stated in *Hensley v. Eckerhart*,

> [w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.

*Smith v. Tarrant County College Dist.*, No. 09-658, 2010 U.S. Dist. LEXIS 108973, at *18-19 (N.D. Tex. Oct. 13, 2010) (citing *Hensley*, 461 U.S. at 435).

With that in mind, Smathers' counsel is still significantly underbilling Caner in this petition. The undersigned has personally spent over fifty hours on this case, and yet is only asking for compensation for 36.9 hours. (McClanahan Decl. ¶¶ 4-9, attached as Ex. A.) He is only asking for compensation for 41.4 hours of his law clerk's time. (*Id.* at 9.) The rates he applies—$393/hr for him and $175/hr for his law clerk, based on a formula well-established in federal courts in Washington, DC[2]—are already recognized as "market rates" within this District. *See Mick Haig Prods., E.K. v. Doe*, No. 10-1900, 2012 U.S. Dist. LEXIS 12926, at *7 (N.D. Tex. Jan. 24, 2012) (market rates in Dallas comparable to Washington, DC); *Smith*, 2010 U.S. Dist. LEXIS at *24 n.9, 25 (rates up to $400/hr "consistent with the market rates in Dallas/Fort Worth"). The final total of $21,746.70 is very reasonable given the complex interactions between areas of law in this case, the undersigned's specialization in this field, the frivolousness of the case itself, and Caner's counsel's

---

[2] The so-called *Laffey* Matrix was originally established in the case *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983). The "updated *Laffey* Matrix" used by the undersigned was established in the case *Salazar v. Dist. of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000). The updated *Laffey* Matrix is based on increases/decreases in legal services rather than increases/decreases in the entire Consumer Price Index (which includes price changes for many different irrelevant goods and services). *Smith v. Dist. of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006). The updated *Laffey* Matrix can be found at http://www.laffeymatrix.com/see.html

obstruction and delay.

In fact, the Court should further impose an additional $5,000.00 in fees on Caner and/or his counsel under 28 U.S.C. § 1927.  A sampling of Caner's delaying tactics and bad faith negotiations, meant to unreasonably and vexatiously extend and multiple these proceedings, was already presented to the Court once before, and is quoted herein:

> It should be noted that this is now the *fourth* time in a little over two months that Plaintiff's counsel has stated Plaintiff's opposition to a motion, thereby requiring the undersigned—or his fellow counsel Joshua Autry before the case was severed—to draft and file a full brief in support of that motion, and then failed to actually oppose it when the time came.  (*See* Defs.' Mot. to Sever for Improper Joinder, Dkt. #23 (filed Nov. 25, 2013) ("Plaintiff opposes this Motion."); Pl.'s Resp. to Dkt. #23—Defs.' Mot. to Sever for Improper Joinder, Dkt. #35 (filed Jan. 6, 2014) ("After further consideration, Plaintiff does not oppose this motion or severance of the parties."); Def. Jason Smathers' Mot. to Stay Case Pending Resolution of Defs.' Mot. to Sever for Improper Joinder, Dkt. #24 (filed Nov. 25, 2013) ("Plaintiff opposes this Motion."); Pl.'s Resp. to Def. Jason Smathers' Mot. to Stay Case Pending Resolution of Defs.' Mot. to Sever for Improper Joinder, Dkt. #33 (filed Dec. 16, 2013) ("After further consideration, Plaintiff does not oppose this Motion."); Pl.'s Mot. to Transfer Venue, Dkt. #27, at 1 (filed Nov. 26, 2013) ("Dr. Caner opposes these motions."); Pl.'s Resp. to Dkt. #27—Def. Jonathan Autry's Mot. to Transfer Venue, Dkt. #37 (filed Jan. 6, 2014) ("After further consideration, Plaintiff does not oppose this motion.").  This sort of obdurate and dilatory behavior, forcing the undersigned to perform unnecessary work and unreasonably delaying the Court's consideration of these matters by creating the illusion that it should wait until the matter is fully briefed when no opposition is actually forthcoming, should be strongly discouraged by the Court.  Caner appears to be attempting to draw this case out as long as possible and/or artificially run up Defendants' attorneys' fees, neither of which should be tolerated by the Court.

(Def.'s Not. Concession by Pl. to Def.'s Mot. Stay Reporting Requirement Pending Res. of Pending Mots. Dismiss, Dkt. #48, at 2 n.1 (filed Feb. 11, 2014).)  Caner's complete failure to even address large portions of Smathers' briefs—noted by the Court with respect to the fair use argument—clearly demonstrates the "improper motive" for bringing this case and "reckless disregard of the duty owed to the court."  *Vanderhoff v. Pacheco*, 344 Fed. App'x 22, 27 (5th Cir.

---

(last accessed May 1, 2014).

2009) (quoting *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998))  Furthermore, with reference to all the reasons listed above regarding the frivolousness of this case, it should be noted that Section 1927 definitely authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir. 1991) (quoting *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 875 (5th Cir. 1988)).

      For all the above reasons, the Court should order Caner and/or his counsel to pay Smathers a total of $26,746.70.  Caner unsurprisingly opposes this petition.  A proposed Order is included with this petition.

Date:   May 1, 2014

                                      Respectfully submitted,

                                      /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Defendant*