**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

**Ft. Worth Division**

| | | |
|---|---|---|
| ERGUN CANER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 4:13-cv-00494 (Y) |
| | * | |
| JASON SMATHERS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE EXCESS PAGES**

NOW COMES Defendant Jason Smathers to respectfully move the Court to deem his

Reply in Support of his Petition for Attorneys' Fees, Dkt. #63-1,[1] as properly filed, despite the

fact that it exceeds the ten-page limit allowed by Local Civil Rule 7.2(c).[2]

Replies are generally limited to ten pages in length, but the Court may grant permission

to file a longer brief for extraordinary and compelling reasons, LCvR 7.2(c), which the Court

should find are present in this case.  As the Court knows, this case was originally brought against

two Defendants, Smathers and Jonathan Autry, and the Court severed the counts against Autry

for improper joinder and transferred that case to the Western District of Virginia.  As of the time

---

[1] Smathers' original Reply was filed as Dkt. #62, but that filing lacked a Table of Contents and Table of Authorities, as required by Local Civil Rule 7.2(d).  Because Smathers subsequently filed a Corrected Reply including these items as Dkt. #63-1, this Motion will treat Dkt. #63-1 as "Smathers' Reply."

[2] Even though Smathers filed his Reply on Saturday, 7 June 2014, he elected to wait until 9 June 2014 to file this Motion to give Plaintiff's counsel a reasonable amount of time to provide Plaintiff's position on the relief requested herein.  The late filing was not an afterthought.

Smathers filed his Fee Petition, Autry's case was still pending.  However, since that filing, Judge

Moon awarded summary judgment to Autry in a lengthy and well-reasoned opinion.  *See Caner*

*v. Autry*, No. 14-4, 2014 U.S. Dist. LEXIS 66508, *passim* (W.D. Va. May 14, 2014).  Because

Judge Moon's analysis is very important to Smathers' argument that this case was frivolous,

objectively unreasonable, and brought for an improper purpose, it was necessary to address that

opinion in a significant level of detail in this Reply, almost doubling the length of the brief.

Additionally, Caner made several arguments in his Opposition which, though

unsupported, still required detailed responses, such as his claim that he has not "gone on a

crusade to remove all videos of himself from the Internet" (Pl.'s Resp. Dkt. #54—Jason

Smathers' Mot. Att'y Fees, Dkt. #59, at 10 (filed May 22, 2014))—which he has, at least with

respect to those videos showing his misrepresentations—and his assertion that he is "not in a

financially suitable position to handle the [requested] fees" (*id.* at 11).  Smathers was required to

devote almost three pages to refuting just those two assertions to the degree necessary to show

exactly how meritless they were.

In light of all of the foregoing facts, the Court should find that Smathers' nineteen-page

Reply is not unreasonably lengthy and deem it properly filed.  Should the Court decide that it is

simply too long, Smathers respectfully asks that he be given leave to file a fifteen-page version,

which, while not being as persuasive as the current version, would not completely cripple his

arguments.  Anything less, though, would require Smathers to completely sacrifice entire

arguments or rely on unsupported assertions, which would not serve judicial economy.

Computer programmer Alberto Brandolini is credited with observing, "The amount of

energy necessary to refute [a baseless assertion] is an order of magnitude bigger than to produce

it."[3]  This basic asymmetry can be seen throughout this case, where Caner will make a baseless

assertion, which Smathers then has to expend a significant amount of time and space refuting.

This briefing is no different, and so Smathers respectfully asks the Court to deem his Reply

properly filed and proceed with the resolution of his Petition.

The undersigned emailed Plaintiff's counsel on Saturday, 7 June 2014, to ascertain

Plaintiff's position on this Motion.  As of this writing Plaintiff's counsel has not responded.  A

proposed Order consistent with the relief sought also accompanies this Motion.

Date:   June 9, 2014

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Defendant*

---

[3] The actual quotation uses a more colorful term that the undersigned is reluctant to directly
quote in a court filing.