UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Ft. Worth Division

| | | |
|---|---|---|
| ERGUN CANER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 4:13-cv-00494 (Y) |
| | * | |
| JASON SMATHERS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * *

**DEFENDANT'S REPLY IN SUPPORT OF HIS *NUNC PRO TUNC*
MOTION FOR BRIEF ENLARGEMENT OF TIME TO FILE
<u>HIS PETITION FOR ATTORNEYS' FEES</u>**

In response to Defendant's reasonable request for a sixty-two minute extension, Plaintiff cannot even be bothered to file a formal Opposition, choosing instead to bury his opposition to the requested extension as one paragraph in the introduction to his Opposition to Defendant's Petition for Attorneys' Fees. (*See* Pl.'s Resp. Dkt. #54 – Jason Smathers' Mot. Att'y Fees, Dkt. #59, at 2-3 (filed May 22, 2014) [hereinafter Pl.'s Resp.].)[1]  Plaintiff makes two unsupported arguments against the requested extension, neither of which bears up to close scrutiny.

First, after ignoring (and apparently conceding) Defendant's argument regarding why the undersigned's reasonable mistake regarding the time zone difference justified an extension of one hour (*see id.* at 2), Plaintiff protests, "Even if he would have gotten the times zones correct,

---

[1] In fact, the title of this filing makes no mention of any relation to Defendant's extension motion, and the only way one would learn that it was intended to apply to that motion is in the ECF caption, "RESPONSE AND OBJECTION filed by Ergun M. Caner re: [57] MOTION for Extension of Time to File Fee Petition *(Nunc Pro Tunc)*, [54] MOTION for Attorney Fees."

he still would have been late because the petition was not filed until two minutes past the hour that he thought it was due." (*Id.* at 2-3.) Plaintiff is correct regarding the two-minute discrepancy, but Plaintiff overlooks the fact that in a footnote to the same paragraph making the time zone argument, Defendant explained the discrepancy. (Def.'s *Nunc Pro Tunc* Mot. Brief Enlargement of Time to File Pet. Att'ys' Fees, Dkt. #57, at 1 n.1 (filed May 2, 2014) ("The additional two minutes was due to an issue [the undersigned] faced when logging into ECF; he was using a different computer and had trouble locating his ECF password for this Court, which was randomly assigned and which he has not memorized because he rarely uses it.") [hereinafter Def.'s Mot.].) Because this is the only case in which the undersigned practices in this District, it is not unreasonable that he has not memorized this password, which is a random string of eight lowercase letters, uppercase letters, numbers, and symbols that he did not previously bother to change (an oversight he has since corrected).

Plaintiff then takes issue with Defendant for "blam[ing] Dr. Caner's counsel for being at fault for not responding to a 'settlement offer' until 5:02 PM on the day that it was to be filed." (Pl.'s Resp. at 3.) However, Defendant neither "blamed" Plaintiff's counsel nor argued that he was "at fault"; he simply explained that the undersigned had waited until hearing back from Plaintiff's counsel before writing the Fee Petition, in hopes that a formal petition would be unnecessary. (Def.'s Mot. at 2 ("He did not file the petition earlier because he was waiting to do any writing on it to give Plaintiff's counsel a chance to respond to the settlement offer he sent early this morning, which he did not receive until 5:02 PM, near the close of business.").)[2] Defendant respectfully maintains that the undersigned's forebearance was in the interest of

---

[2] It is unclear why Plaintiff put "settlement offer" in quotes, since the email in question was an invitation to discuss whether or not the parties could agree on *any* amount of attorneys' fees.

judicial economy and reducing unnecessary attorneys' fees.  Moreover, the undersigned sent the settlement offer well before the opening of business on 1 May 2014 (6:04 AM CDT), and even anticipated the possibility that Plaintiff might want more time to consider it, stating, "Since this is due today, if you would like some more time to consider the proposal, I'm willing to seek an extension and tell the judge we're discussing settlement options."  It is more than a little disingenuous for Plaintiff to argue that it took him almost a full business day to decide if he would even *discuss* paying *any* attorneys' fees (without even agreeing on a number) and then begrudge Defendant's counsel two minutes because he was acting in good faith to reduce the fees in question.

For the foregoing reasons, the Court should grant Defendant's Motion.

Date:   July 16, 2014

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Defendant*